FILED ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP - 1 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

PAUL GOSLING,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE IDRIS
MOJEED, tax # 930752, POLICE OFFICERS JOHN
DOES 1 and 2,

                                    Defendants.

-------------------------------------------------------------------- x



COMPLAINT  09 3778

GLASSER, J.

Jury Trial Demanded

POLLAK, M.J.

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on June 19, 2009, Police Officers assigned to the Brooklyn South Narcotics Division, acting in concert, arrested him without cause, assaulted and battered him, illegally strip searched him, and made false allegations about him to the Kings County District Attorney's Office in violation of the Fourth and Sixth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false imprisonment, assault and battery.

4.     A notice of claim was duly filed with the City of New York within 30 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6.     Plaintiff is a resident of the State of New York, County of Kings.

7.     The City of New York is a municipal corporation organized under the laws of the State of New York.

8.     Detective Idris Mojeed and Police Officers John Does 1 and 2 are New York City Police Officers assigned to the Brooklyn South Narcotics Division.  These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9.     On June 19, 2009, in front of 363 East 21st Street, Brooklyn New York, at approximately 8:00 a.m., plaintiff was leaning on his car eating breakfast.

10.     At all relevant times, plaintiff was obeying the law.

11.     At the above time and place, two officers of the Brooklyn South Narcotics Division, one of whom may have been Detective Idris Mojeed, approached plaintiff with their guns pointed at him and told him not to move.

2

12.     Plaintiff believed that he was about to be robbed because the officers did not identify themselves as police officers.

13.     One of the two officers radioed for back up and several officers responded to the location.

14.     At this time, one of the two officers who initially seized plaintiff handcuffed and searched plaintiff without cause or consent.

15.     No illegal items were found on plaintiff.

16.     The officer then put plaintiff into the rear of a police van.

17.     The officer and a third officer, possibly Detective Mojeed, drove plaintiff around Brooklyn for several hours while the officers looked for other individuals to arrest.

18.     Between 12:00 p.m. and 1:00 p.m., the officers and plaintiff arrived at the 60th Precinct and one of the officers brought plaintiff inside.

19.     Approximately five minutes later, one of the officers, possibly Detective Mojeed, illegally strip searched plaintiff down to his underwear in front of other detainees.

20.     The strip search of plaintiff was illegal because it was not conducted in private, because plaintiff had not committed a crime, and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

21.     After the strip search, plaintiff was put in cell.

22.     A short time later, the officer who strip searched plaintiff fingerprinted and photographed him.

23.     While plaintiff was incarcerated in the precinct, Detective Mojeed, pursuant to a conspiracy with other officers, prepared police reports which falsely stated that

3

## FIRST CLAIM

## (FALSE ARREST AND IMPRISONMENT)

32.   Plaintiff repeats the foregoing allegations.

33.   Because defendants, acting in concert, arrested plaintiff without probable cause, defendants are liable under the Fourth Amendment and state law for false arrest and false imprisonment.

## SECOND CLAIM

## (ASSAULT AND BATTERY)

34.   Plaintiff repeats the foregoing allegations.

35.   Because defendants pointed their firearms at plaintiff and handcuffed and searched plaintiff without cause or consent, defendants are liable under state law for assault and battery.

## THIRD CLAIM

## (ILLEGAL STRIP SEARCH)

36.   Plaintiff repeats the foregoing allegations.

37.   Because the strip search of plaintiff in the 60th Precinct was not conducted in private and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, defendants are liable under the Fourth Amendment for the illegal strip search.

## FOURTH CLAIM

## (FABRICATION OF EVIDENCE)

38.   Plaintiff repeats the foregoing allegations.

39.   Because Detective Mojeed, pursuant to a conspiracy with other officer made false allegations about plaintiff to the Kings County District Attorney's Office in an

5

attempt to have plaintiff prosecuted on a charge of criminal sale of a controlled substance in the third degree, defendants are liable under the Sixth Amendment for fabrication of evidence.

## FIFTH CLAIM

## (MONELL V. DEPT. OF SOCIAL SERVICES)

40.     Plaintiff repeats the foregoing allegations.

41.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

42.     Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

43.     In fact, Detective Mojeed was sued for civil rights violations in the case of Rashaan Messado v. City of New York and Idris Mojeed, 08 CV 1805 (E.D.N.Y.), and the City settled the matter for $45,000.

44.     Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

45.     The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

46.     Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

47.     The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Sixth Amendments.

6

## SIXTH CLAIM

### (RESPONDEAT SUPERIOR)

48.     Plaintiff repeats the foregoing allegations.

49.     Detective Mojeed and John Does 1 and 2 were acting within the scope of their employment as New York City Police Officers when they arrested plaintiff without probable cause and assaulted and battered him.

50.     The City of New York is therefore vicariously liable under state law for false imprisonment, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as this Court may deem just and proper.

DATED:     August 14, 2009
           Brooklyn, New York



                                    RICHARD J. CARDINALE
                                    Attorney at Law
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

PAUL GOSLING,

                                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, DETECTIVE IDRIS
MOJEED, tax # 930752, POLICE OFFICERS JOHN
DOES 1 and 2,

                                                    Defendants.

-------------------------------------------------------------------------- x


### COMPLAINT


RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391